IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

F I L E D
MAR 3 1 2010
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | | |
|---|---|---|
| KELLI J. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:10CV221 |
| | ) | |
| ACCOUNTS RECEIVABLE | ) | |
| MANAGEMENT, INC. | ) | |
| Serve: CT Corporation System, RA | ) | |
| 4701 Cox Road, Suite 301 | ) | |
| Glen Allen, VA 23060-6802 | ) | |
| | ) | |
| NATIONAL CREDIT | ) | TRIAL BY JURY DEMANDED |
| SOLUTIONS, LLC | ) | |
| Serve: CT Corporation System, RA | ) | |
| 4701 Cox Road, Suite 301 | ) | |
| Glen Allen, VA 23060-6802 | ) | |
| | ) | |
| MARAUDER CORPORATION, | ) | |
| Serve: Secretary of the | ) | |
| Commonwealth | ) | |
| 1111 East Broad, Street | ) | |
| Richmond, VA 23219 | ) | |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., | ) | |
| Serve: David N. Anthony, R.A. | ) | |
| TROUTMAN SANDERS LLP | ) | |
| 1001 Haxall Point | ) | |
| Richmond, VA 23219 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**COMPLAINT**

Plaintiff Kelli J. Thomas ("Thomas"), by counsel, pursuant to Fed. R. Civ. P. 3, submits her Complaint against Defendants Accounts Receivable Management, Inc.

1

("ARM"), National Credit Solutions, LLC ("NCS"), Marauder Corporation ("Marauder"), and Experian Information Solutions, Inc. ("Experian") and, in support of same, states as follows:

## PRELIMINARY STATEMENT

1. This is an action by a consumer for actual, statutory, and punitive damages, litigation costs, attorneys' fees, and for declaratory and injunctive relief for defendants' violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA").

## PARTIES

2. Thomas is a consumer as governed by 15 U.S.C. § 1681a(b) and (c) of the FCRA and 15 U.S.C. §§ 1692a(3) of the FDCPA.

3. Experian is an Ohio corporation with its principal place of business in Costa Mesa, California. Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681(f) of the FCRA and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing credit reports, as defined by 15 U.S.C. § 1681(d) of the FCRA, to third-parties for decisions to be made on the extension of credit to consumers. As part of its business practices, Experian enters into subscription agreements with its clients to enable to them access to Experian's internet based system to inquire and post information about consumers, *e.g.*, debts, late payments, etc., that can have a negative effect on their credit reports and ability to obtain credit. Experian is authorized to conduct business in the Commonwealth of Virginia through its Registered Agent in Richmond, Virginia.

2

4.  ARM is a New Jersey corporation with its principal place of business in Thorofare, New Jersey. ARM is a "furnisher" of information about consumers, as defined by 15 U.S.C. § 1681s-2 of the FCRA, to "credit reporting agencies" such as Experian. On information and belief, ARM has a subscription agreement with Experian that allows it to post derogatory information on consumers' credit reports to assist it in its debt collection activities.

5.  NCS is an Oklahoma corporation with its principal place of business in Oklahoma City, Oklahoma. NCS is a "furnisher" of information about consumers, as defined by 15 U.S.C. § 1681s-2 of the FCRA, to "credit reporting agencies" such as Experian. On information and belief, NCS has a subscription agreement with Experian that allows it to post derogatory information on consumers' credit reports to assist it in its debt collection activities.

6.  Marauder is a Florida corporation with its principal place of business at 74923 U.S. Highway 111, Indian Wells, California (Riverside County). Marauder is a "furnisher" of information about consumers, as defined by 15 U.S.C. § 1681s-2 of the FCRA, to "credit reporting agencies" such as Experian. Marauder is not authorized to conduct business in the Commonwealth of Virginia, but, nonetheless conducts business operations in this judicial district. Marauder is part of a "series" of companies, including, but not limited to: (1) Bill Collector in a Box ("Bill Collector"); (2) Nationwide Capital Recovery ("NCR"); (3) CPS Investigations; and (4) Collection Professional Services that are all owned by Ryon Gambill. Marauder has several internet websites *e.g.*, marauderexposed.com, dedicated to its misconduct, false reporting to credit reporting agencies, including Experian, violations of the FCRA, and violations of other federal acts

3

designed to protect consumers, like Hintz. Marauder is commonly known as one of the worst debt collectors in the industry because of its unscrupulous conduct. In fact, Marauder is known for being "America's Number One Deadbeat Debt Collector." On information and belief, Marauder has a subscription agreement with Experian that allows it to post derogatory information on consumers' credit reports to assist it in its debt collection activities.

## JURISDICTION

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337 because Thomas' FCRA claims present federal questions.

8. This Court has personal jurisdiction over Thomas because she is a United States citizen who has voluntarily submitted herself to the jurisdiction of this Court.

9. This Court has personal jurisdiction over ARM because it resides in and regularly conducts business in this judicial district.

10. This Court has personal jurisdiction over NCS because it resides in and regularly conducts business in this judicial district.

11. This Court has personal jurisdiction over Marauder because it regularly conducts business in this judicial district.

12. This Court has personal jurisdiction over Experian because it resides in and regularly conducts business in this judicial district.

## FACTUAL ALLEGATIONS

## ARM

13. In January 2010, ARM began posting derogatory information (a collection account) on Thomas' Experian credit report from a alleged debt that originated with "Bookspan."

14. Bookspan is a sister company of Direct Brands, Inc. and is engaged in the business of having consumers enter contracts for "book of the month" clubs whereby consumers enter into contracts with Bookspan and, in turn, receive a book a month for the duration of the parties' contract.

15. After learning of the derogatory information that ARM was posting on her Experian credit report, Thomas contacted ARM, informed it that the debt was not hers, provided ARM with evidence that the debt was not hers, asked ARM to reinvestigate the alleged debt, and demanded that the derogatory information be removed from her Experian credit report to prevent further damage to her credit and ability to obtain credit.

16. At or around the same time, Thomas contacted Experian about the derogatory information that ARM was posting on her Experian credit report regarding the alleged "Bookspan" debt, informed them that the debt was not hers, provided Experian with evidence that the debt was not hers, asked Experian to reinvestigate the alleged debt, and demanded that the derogatory information be removed from her Experian credit report to prevent further damage to her credit and ability to obtain credit.

17. ARM and Experian received the information from Thomas showing that the alleged "Bookspan" debt was not Thomas' debt, but ARM refuses to stop reporting

this inaccurate information to Experian and Experian, in turn, refuses to not delete this false information from Thomas' credit files.

18. ARM and Experian had actual knowledge of the inaccuracy regarding Thomas, deliberately chose to ignore it, and allowed it to remain uncorrected without regard for Thomas' rights and well-being.

19. After receiving numerous notices from Thomas and within two years preceding the filing of this Complaint, Experian prepared and published to third parties, including potential lenders, multiple inaccurate consumer reports about Thomas, which contained the false information about the alleged "Bookspan" debt.

20. Despite receiving notice from Thomas about its inaccurate reporting to Experian about the alleged "Bookspan" debt, ARM has forwarded this information and Thomas' disputes about the validity of this information from Experian on numerous occasions since 2005. Despite receiving notice on numerous occasions, ARM failed and refused to investigate and correct its inaccurate reporting about Thomas.

21. The last time that the false "Bookspan" debt was reported by Experian was January 2010.

22. As a result of ARM and Experian's failure to furnish and report accurate information about the invalid "Bookspan" debt, Thomas has incurred actual damages, including the loss of credit, humiliation, and embarrassment.

### NCS

23. In May or June 2009, NCS began posting derogatory information (a collection account) on Thomas' Experian credit report from an alleged debt that originated with "BMG Music Service."

24. Until its recent demise in June 2009, "BMG Music Service" enticed consumers to join its CD club in exchange for an initial promotion such as "twelve CDS for the price of one." After receiving "twelve CDs for the price of one," consumers were required to buy a certain number of CDs, *e.g.*, one a month.

25. After learning of the derogatory information that NCS was posting on her Experian credit report, Thomas contacted NCS, informed it that the debt was not hers, provided NCS with evidence that the debt was not hers, asked NCS to reinvestigate the alleged debt, and demanded that the derogatory information be removed from her Experian credit report to prevent further damage to her credit and ability to obtain credit.

26. At or around the same time, Thomas contacted Experian about the derogatory information that NCS was posting on her Experian credit report regarding the alleged "BMG Music Service" debt, informed it that the debt was not hers, provided Experian with evidence that the debt was not hers, asked Experian to reinvestigate the alleged debt, and demanded that the derogatory information be removed from her Experian credit report to prevent further damage to her credit and ability to obtain credit.

27. NCS and Experian received the information from Thomas showing that the alleged "BMG Music Service" debt was not Thomas' debt, but NCS refuses to stop reporting this inaccurate information to Experian and Experian, in turn, refuses to not delete this false information from Thomas' credit files.

28. NCS and Experian had actual knowledge of the inaccuracy regarding Thomas, deliberately chose to ignore it, and allowed it to remain uncorrected without regard for Thomas' rights and well-being.

29. After receiving numerous notices from Thomas and within two years preceding the filing of this Complaint, Experian prepared and published to third parties, including potential lenders, multiple inaccurate consumer reports about Thomas, which contained the false information about the alleged "BMG Music Service" debt.

30. Despite receiving notice from Thomas about its inaccurate reporting to Experian about the alleged "BMG Music Service" debt, NCS has forwarded this information and Thomas' disputes about the validity of this information from Experian on numerous occasions since 2003. Despite receiving notice on numerous occasions, NCS failed and refused to investigate and correct its inaccurate reporting about Thomas.

31. The last time that the false "Bookspan" debt was reported by Experian was January 2010.

32. As a result of NCS and Experian's failure to furnish and report accurate information about the invalid "BMG Music Service" debt, Thomas has incurred actual damages, including the loss of credit, humiliation, and embarrassment.

## MARAUDER

33. In July 2003, Marauder began posting derogatory information (a collection account) on Thomas' Experian credit report from an alleged debt that originated with "Cash Advance USA Liberty Capital."

34. Thomas does not know who "Cash Advance USA Liberty Capital" is or where is located but believes that it is a business engaged in "pay day" lending.

35. After learning of the derogatory information that Marauder was posting on her Experian credit report, Thomas contacted Marauder, informed it that the debt was not hers, provided Marauder with evidence that the debt was not hers, asked Marauder to

8

reinvestigate the alleged debt, and demanded that the derogatory information be removed from her Experian credit report to prevent further damage to her credit and ability to obtain credit.

36. At or around the same time, Thomas contacted Experian about the derogatory information that Marauder was posting on her Experian credit report regarding the alleged debt, informed it that the debt was not hers, provided Experian with evidence that the debt was not hers, asked Experian to reinvestigate the alleged debt, and demanded that the derogatory information be removed from her Experian credit report to prevent further damage to her credit and ability to obtain credit.

37. Marauder and Experian received the information from Thomas showing that the alleged debt was not Thomas' debt, but Marauder refuses to stop reporting this inaccurate information to Experian and Experian, in turn, refuses to not delete this false information from Thomas' credit files.

38. Marauder and Experian had actual knowledge of the inaccuracy regarding Thomas, deliberately chose to ignore it, and allowed it to remain uncorrected without regard for Thomas' rights and well-being.

39. After receiving numerous notices from Thomas and within two years preceding the filing of this Complaint, Experian prepared and published to third parties, including potential lenders, multiple inaccurate consumer reports about Thomas, which contained the false information about the alleged debt that Marauder was posting on her Experian credit report.

40. Despite receiving notice from Thomas about its inaccurate reporting to Experian about the alleged debt, Marauder has forwarded this information and Thomas'

disputes about the validity of this information from Experian on numerous occasions since 2003. Despite receiving notice on numerous occasions, Marauder failed and refused to investigate and correct its inaccurate reporting about Thomas.

41. The last time that the false debt was reported by Experian was October 2009.

42. As a result of Marauder and Experian's failure to furnish and report accurate information about the invalid debt, Thomas has incurred actual damages, including the loss of credit, humiliation, and embarrassment.

COUNT ONE
(Violation of the Fair Credit Reporting Act,
15 U.S.C. § 1681e(b)—Experian)

43. Thomas repeats and realleges the allegations made in Paragraphs 1 through 42 as if they were set forth in full herein.

44. Experian violated 15 U.S.C. § 1681e(b) by failing to follow or establish reasonable procedures to assure maximum possible accuracy in the preparation of Thomas' credit reports and credit files that it published and maintains concerning her.

45. As a result of Experian's conduct, actions, and omissions, Thomas suffered damages by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation, and embarrassment.

46. Experian's conduct, actions, and omissions were willful rendering it liable for punitive damages in an amount to be determined by the fact-finder pursuant to 15 U.S.C. § 1681n.

47. In the alternative, Experian was negligent entitling Thomas to recover under 15 U.S.C. § 1681o.

48. Thomas is entitled to recover actual damages, statutory damages, litigation costs, and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT TWO
(Violation of the Fair Credit Reporting Act,
15 U.S.C. § 1681I(a)(1)—Experian)

49. Thomas repeats and realleges the allegations made in Paragraphs 1 through 48 as if they were set forth in full herein.

50. Experian violated 15 U.S.C. § 1681i(a)(1) on multiple occasions by failing to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the derogatory information posted on her credit report by ARM, NCS, and Marauder.

51. As a result of Experian's conduct, actions, and omissions, Thomas suffered damages by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation, and embarrassment.

52. Experian's conduct, actions, and omissions were willful, rendering it liable for punitive damages in an amount to be determined by the fact-finder pursuant to 15 U.S.C. § 1681n.

53. In the alternative, Experian was negligent entitling Thomas to recover under 15 U.S.C. § 1681o.

54. Thomas is entitled to recover actual damages, statutory damages, litigation costs, and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT THREE
(Violation of the Fair Credit Reporting Act,
15 U.S.C. § 1681i(a)(2)—Experian)

55.     Thomas repeats and realleges the allegations made in Paragraphs 1 through 54 as if they were set forth in full herein.

56.     Experian violated 15 U.S.C. § 1681i(a)(2) on multiple occasions by failing to provide ARM, NCS, and Marauder with all relevant information about Thomas' dispute over the three alleged debts.

57.     As a result of Experian's conduct, actions, and omissions, Thomas suffered damages by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation, and embarrassment.

58.     As a result of Experian's conduct, actions, and omissions were willful rendering it liable for punitive damages in an amount to be determined by the fact-finder pursuant to 15 U.S.C. § 1681n.

59.     In the alternative, Experian was negligent entitling Thomas to recover under 15 U.S.C. § 1681o.

60.     Thomas is entitled to recover actual damages, statutory damages, litigation costs, and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT FOUR
(Violation of the Fair Credit Reporting Act,
15 U.S.C. § 1681i(a)(4)—Experian)

61.     Thomas repeats and realleges the allegations made in Paragraphs 1 through 60 as if they were set forth in full herein.

62. Experian violated 15 U.S.C. § 1681i(a)(4) on multiple occasions by failing to review and consider all relevant information about Thomas' dispute over the alleged ARM, NCS, and Marauder debts.

63. As a result of Experian's conduct, actions, and omissions, Thomas suffered damages by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation, and embarrassment.

64. Experian's conduct actions, and omissions were willful rendering it liable for punitive damages in an amount to be determined by the fact-finder pursuant to 15 U.S.C. § 1681n.

65. In the alternative, Experian was negligent entitling Thomas to recover under 15 U.S.C. § 1681o.

66. Thomas is entitled to recover actual damages, statutory damages, litigation costs, and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

COUNT FIVE
(Violation of the Fair Credit Reporting Act,
15 U.S.C. § 1681i(a)(5)(A)—Experian)

67. Thomas repeats and realleges the allegations made in Paragraphs 1 through 66 as if they were set forth in full herein.

68. Experian violated 15 U.S.C. § 1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed information about the alleged ARM, NCS, and Marauder debts from Thomas' credit file or modify the item of information upon an accurate investigation.

69. As a result of Experian's conduct, actions, and omissions, Thomas suffered damages by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation, and embarrassment.

70. Experian's conduct actions, and omissions were willful rendering it liable for punitive damages in an amount to be determined by the fact-finder pursuant to 15 U.S.C. § 1681n.

71. In the alternative, Experian was negligent entitling Thomas to recover under 15 U.S.C. § 1681o.

72. Thomas is entitled to recover actual damages, statutory damages, litigation costs, and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT SIX
(Violation of the Fair Credit Reporting Act,
15 U.S.C. § 1681i(a)(5)(C)—Experian)

73. Thomas repeats and realleges the allegations made in Paragraphs 1 through 72 as if they were set forth in full herein.

74. Experian violated 15 U.S.C. § 1681i(a)(5)(C) on multiple occasions by failing to maintain procedures designed to prevent the reappearance of deleted inaccurate information about the alleged ARM, NCS, and Marauder debts.

75. As a result of Experian's conduct, actions, and omissions, Thomas suffered damages by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation, and embarrassment.

76.     Experian's conduct, actions, and omissions were willful rendering it liable for punitive damages in an amount to be determined by the fact-finder pursuant to 15 U.S.C. § 1681n.

77.     In the alternative, Experian was negligent entitling Thomas to recover under 15 U.S.C. § 1681o.

78.     Thomas is entitled to recover actual damages, statutory damages, litigation costs, and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT SEVEN
(Violation of the Fair Credit Reporting Act,
15 U.S.C. § 1681s-2(b)(1)(A)—ARM, NCS, & Marauder)

79.     Thomas repeats and realleges the allegations made in Paragraphs 1 through 78 as if they were set forth in full herein.

80.     On one or more occasions within two years of the filing of this Complaint, ARM, NCS, and Marauder violated 15 U.S.C. § 1681s-2(b)(1)(A) of the FCRA by failing to fully and properly investigate Thomas' disputes of their representations regarding the alleged debts that they were posting on Thomas' Experian credit report.

81.     As a result of ARM, NCS, and Marauder's conduct, actions, and omissions, Thomas suffered damages by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation, and embarrassment.

82.     ARM, NCS, and Marauder's conduct, actions, and omissions were willful rendering it liable for punitive damages in an amount to be determined by the fact-finder pursuant to 15 U.S.C. § 1681n.

83. In the alternative, ARM, NCS, and Marauder were negligent entitling Thomas to recover under 15 U.S.C. § 1681o.

84. Thomas is entitled to recover actual damages, statutory damages, litigation costs, and attorneys' fees from ARM, NCS, and Marauder in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT EIGHT
(Violation of the Fair Credit Reporting Act,
15 U.S.C. § 1681s-2(b)(1)(B)—ARM, NCS, & Marauder)

85. Thomas repeats and realleges the allegations made in Paragraphs 1 through 84 as if they were set forth in full herein.

86. On one or more occasions within two years of the filing of this Complaint, ARM, NCS, and Marauder violated 15 U.S.C. § 1681s-2(b)(1)(B) of the FCRA by failing to fully and properly review all relevant information provided by consumer reporting agencies about Thomas.

87. As a result of ARM, NCS, and Marauder's conduct, actions, and omissions, Thomas suffered damages by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation, and embarrassment.

88. ARM, NCS, and Marauder's conduct, actions, and omissions were willful rendering it liable for punitive damages in an amount to be determined by the fact-finder pursuant to 15 U.S.C. § 1681n.

89. In the alternative, ARM, NCS, and Marauder was negligent entitling Thomas to recover under 15 U.S.C. § 1681o.

90. Thomas is entitled to recover actual damages, statutory damages, litigation costs, and attorneys' fees from ARM, NCS, and Marauder in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT NINE
(Violation of the Fair Credit Reporting Act,
15 U.S.C. § 1681s-2(b)(1)(C) & (D)—ARM, NCS, & Marauder)

91. Thomas repeats and realleges the allegations made in Paragraphs 1 through 90 as if they were set forth in full herein.

92. On one or more occasions within two years of the filing of this Complaint, ARM, NCS, and Marauder violated 15 U.S.C. § 1681s-2(b)(1)(C) & (D) of the FCRA by publishing the inaccurate information about ARM, NCS, and Marauder's alleged debt to Experian without also including a notation that the debt was paid, disputed, and by failing to report results of accurate investigations to each other credit reporting agencies.

93. As a result of ARM, NCS, and Marauder's conduct, actions, and omissions, Thomas suffered damages by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation, and embarrassment.

94. ARM, NCS, and Marauder's conduct actions, and omissions were willful, rendering it liable for punitive damages in an amount to be determined by the fact-finder pursuant to 15 U.S.C. § 1681n.

95. In the alternative, ARM, NCS, and Marauder's was negligent entitling Thomas to recover under 15 U.S.C. § 1681o.

96. Thomas is entitled to recover actual damages, statutory damages, litigation costs, and attorneys' fees from ARM, NCS, and Marauder in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o

WHEREFORE, Plaintiff Kelli Knight-Thomas, a/k/a Kelli J. Thomas requests respectfully that the Court: (1) enter judgment in her favor jointly and severally against Defendants Accounts Receivable Management, Inc., National Credit Solutions, LLC, Marauder Corporation, and Experian Information Solutions, Inc for actual, statutory, and punitive damages as permitted under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*; (2) award her the attorneys' fees and related litigation costs incurred herein as permitted under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*; (3) enter an Order, barring Defendants Accounts Receivable Management, Inc., National Credit Solutions, LLC, and Marauder Corporation from accessing her credit reports or making inquires about same; (4) enter an Order, barring Defendant Experian Information Solutions, Inc. from allowing Accounts Receivable Management, Inc., National Credit Solutions, LLC, and Marauder Corporation from accessing her credit reports or making inquires about same; and (5) award her such other and further relief as the Court deems appropriate and just.

TRIAL BY JURY DEMANDED

KELLI J. THOMAS

By:_____
      Of Counsel

Jason C. Roper, Esquire (VSB #45814)
JASON C. ROPER, P.L.C.
Lynnhaven Station Building
101 N. Lynnhaven Road, Suite 104
Virginia Beach, Virginia 23452
Telephone:   (757) 226-9646
Facsimile:   (757) 486-4858
Cellular:     (757) 407-8020
jcroper@roperlaw.org

    Counsel for Plaintiff Kelli J. Thomas