UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| KELLI J. THOMAS, | |
|---|---|
| Plaintiff, | |
| v. | Action No. 3:10–CV–221 |
| ACCOUNTS RECEIVABLE MANAGEMENT, INC., et al., | |
| Defendants. | |

MEMORANDUM OPINION

This matter comes before the Court on Defendant Experian Information Solutions, Inc.'s ("Experian") Amended Motion to Transfer Venue (Docket No. 43) and accompanying Memorandum in Support (Docket No. 42). The Court GRANTS the motion and TRANSFERS the case to the District of Maryland, Greenbelt Division, under 28 U.S.C. § 1404(a).

I. Introduction

Thomas filed this case on June 7, 2010, complaining that four organizational defendants collectively committed nine violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq* ("FCRA"). (Pl's. Am. Compl. ¶ 1, Docket No. 22.) Thomas alleges six violations against Defendant Experian. She also alleges three violations by Defendants Accounts Receivable Management, Inc. ("ARM"), and National Credit Solutions ("NCS").

Experian challenges Thomas's choice of forum.[1] Plaintiff resides in Capitol Heights, Maryland. The protest letters she mailed to Experian, ARM, and NCS (collectively, "Defendants") form the factual basis of this action. Each of those letters originated from Thomas's home in Maryland. (Def.'s Mem. in Supp. of Am. Mot. to Transfer Ex. 2, 3.)

ARM is a New Jersey corporation with its principal place of business in Thorofare, New Jersey. It maintains offices only in New Jersey, Colorado, and Kentucky. ARM is authorized to conduct business in Virginia and employs a registered agent in Richmond, but it does not maintain offices in the Commonwealth. Defendant National Credit Solutions, LLC ("NCS"), is an Oklahoma corporation with its principal place of business in that state.

Defendant Experian is an Ohio corporation, with its principal place of business in Costa Mesa, California. Experian processes protests of its credit information at its National Consumer Assistance Center ("NCAC"), located in Allen, Texas. Thomas addressed her protest letters to the NCAC, and NCAC houses the documents related to the investigation of Thomas's credit disputes.

---

[1] ARM also challenges Thomas's choice of forum but urges dismissal under 28 U.S.C. § 1406(a) instead of transfer. It is in this Court's discretion whether to dismiss or transfer a case filed in an improper forum. *See Dee-K Enters., Inc. v. Heveafil Sdn. Bhd.*, 985 F.Supp. 640, 645 (E.D.Va. 1997). Dismissal might be appropriate in this case under § 1406(a) since none of the events giving rise to Thomas's claim occurred in this district and none of Defendants reside here. *See* 28 U.S.C. § 1391(b). But dismissal of the case would merely create the unnecessary expense of forcing Thomas to re-file her case in the District of Maryland.

II. Applicable Law

Experian moves for transfer of this case under 28 U.S.C. § 1404(a).[2] Under § 1404(a), a court may transfer the case "[f]or the convenience of the parties and witnesses, in the interests of justice," so long as it transfers the case to a "district or division where it might have been brought." 28 U.S.C. § 1404(a) (2002). The party urging transfer must first prove the transferee court's jurisdiction over the parties and that the transferee court is a proper venue. Then the Court must determine whether the convenience of the parties and witnesses, along with the interests of justice, dictate transfer. *See Koh v. Microtek Int'l, Inc.*, 250 F.Supp.2d 627, 630 (E.D.Va. 2003).

III. Venue for this action is permissible in the District of Maryland.

The District of Maryland is a venue superior to this Court to hear this action. Venue is proper for this action in the District of Maryland under § 1391. 28 U.S.C. § 1391(b) (2002). *See Koh v. Microtek Int'l, Inc.*, 250 F.Supp.2d at 630. Thomas's communications with Defendants originated from her home in Capitol Heights, Maryland, and Experian and ARM sent responses to her inquiries there. Therefore "a substantial part of the events . . . giving rise to the claim occurred" there. 28 U.S.C. § 1391(b).

Additionally, the District of Maryland can assert jurisdiction over each defendant. Maryland's long-arm statute is coextensive with Fifth Amendment limits. *Carefirst of Md., Inc.*

---

[2] Since venue is improper in this district, *see* 28 U.S.C. § 1391(b), the Court could transfer the case under 28 U.S.C. § 1406(a). § 1406(a) permits a court to transfer a case the plaintiff has filed "in the wrong division or district." 28 U.S.C. § 1406(a) (1996). The Court transfers the case under § 1404(a) in accordance with Experian's request. In a federal question case, the decision to transfer under § 1406(a) or § 1404(a) makes no practical difference. *See* 15 Charles Alan Wright et al., *Federal Practice and Procedure* § 3842 (3d Ed. 2010).

*v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003).[3]  Thomas communicated with Experian, NCS, and ARM from her home in Maryland.  These communications provide the "minimum contacts" required for a court in Maryland to assert personal jurisdiction over Defendants.  *Prod. Group Int'l, Inc. v. Goldman*, 337 F.Supp.2d 788, 797 (E.D.Va. 2004) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

IV.  <u>The Court concludes the District of Maryland is the best venue for this action, considering the § 1404(a) factors.</u>

The District of Maryland is the best venue for this action, taking into account witness convenience, party convenience, and the interests of justice.  *See Koh*, 250 F.Supp.2d at 630.  In this case, the interests of justice looms largest among the § 1404(a) factors, and it points most definitely to transferring this case to Maryland.  Factors courts consider when deciding whether the interests of justice dictate transfer include "all those factors bearing on transfer" unrelated to witness convenience, party convenience, and plaintiff's choice of forum.  *JTH Tax, Inc., v. Lee*, 482 F.Supp.2d 731, 738 (E.D.Va. 2007).  Among the relevant factors are the ability to join other parties, docket conditions, judicial economy, and the court's judgment that a party has tried to "game the federal courts through forum manipulation." *Samsung Electronics Co., Ltd. v. Rambus, Inc.*, 386 F.Supp.2d 708, 721 (E.D.Va. 2005).

Without commenting on whether the plaintiff has attempted to "game the federal courts through forum manipulation" by filing here, Thomas's action simply has no relationship with

---

[3] In a federal question case, the Due Process Clause of the Fifth Amendment provides the rules regarding a court's personal jurisdiction over the defendant. *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 108 S.Ct. 404 (1987); *Weinstein v. Todd Marine Enterprises, Inc.*, 115 F.Supp.2d 668, 670-71 (E.D.Va. 2000).  The Fifth Amendment's requirements for specific jurisdiction resemble the familiar dual requirements for personal jurisdiction in a diversity case under the Fourteenth Amendment.  *Weinstein*, 115 F.Supp.2d at 671.

4

this district. *Id*. Thomas admits that this is not her home forum. None of the communications running between Thomas and Defendants traveled through the Commonwealth. Experian is the only defendant that admits to conducting considerable business in Virginia, though Thomas does not claim that any of that business concerned her. Whatever the reason for filing here, this district has only the barest interest in resolving this dispute.

Thomas argues her choice of forum deserves significant weight in the Court's decision. That contention is incorrect. A plaintiff's choice of forum loses influence when the plaintiff chooses a forum with little relationship to the action. *See Telepharmacy Solutions, Inc. v. Pickpoint Corp.*, 238 F.Supp.2d 741, 743 (E.D.Va. 2003). The communications between Thomas and Defendants forming basis of her action originated in Maryland and traveled to Defendants' offices in California, Texas, New Jersey, and Oklahoma. The events giving rise to her claims bear no relation to this district, regardless of Capitol Heights's geographic proximity to it. After months of briefing on the issue, Thomas's willingness to litigate her case in this district, and her witnesses' willingness to participate in discovery in this district, is the only reason Thomas offers for her choice to file in this district. That willingness does not make this Court a permissible venue under § 1391(b) and therefore does compel the Court to accord her choice of forum minimal influence in its decision.

The District of Maryland is also a more convenient forum for Thomas, and no more or less convenient for Defendants. Thomas readily admits she resides in the District of Maryland, near the Greenbelt Division. Hence the District of Maryland is more convenient for her, regardless of whether she is willing to travel the far-greater distance to this division to litigate. Additionally, none of the Defendants reside in the District of Maryland. NCS and Experian

5

argue the District of Maryland is a more appropriate forum for litigating this action, and, since Thomas has not filed in her home forum, the Court accords Defendants' arguments greater weight. *See JTH Tax, Inc.,* 482 F.Supp.2d at 738.

## CONCLUSION

For the reasons stated above, the Court GRANTS Experian's motion and TRANSFERS the case to the District of Maryland, Greenbelt Division.

An appropriate Order shall issue.

                                                                       /s/
                                 James R. Spencer
                               Chief United States District Judge

ENTERED this  22nd  day of October 2010